73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence T. MCKEE, doing business as B & L Investment
Company, doing business as Performance Development
Company, Inc., Defendant-Appellant.
 No. 95-5341.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1995.
 
 1
 Before: SILER and MOORE, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Lawrence T. McKee, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In August 1994, a jury found McKee guilty of conspiracy to engage in mail and wire fraud in violation of 18 U.S.C. Secs. 371, 1341, 1343 and 2. The district court sentenced McKee to 24 months of imprisonment and three years of supervised release, imposed a $300 special assessment, and ordered McKee to make restitution in the amount of $162,977.19.
 
 
 4
 McKee has filed a timely appeal, arguing that the district court erred when it: 1) denied his motion for judgment of acquittal; and 2) enhanced his sentence for being a leader or organizer.
 
 
 5
 Upon review, we conclude that there was sufficient evidence to support McKee's convictions. See United States v. Abner, 35 F.3d 251, 252 (6th Cir.1994); see also Jackson v. Virginia, 443 U.S. 307, 324 (1979) (test for review of sufficiency of the evidence). The testimony and evidence of specific mailings and long distance telephone conversations provide sufficient evidence to support McKee's convictions. The testimony of McKee's alleged co-conspirator and three victims of the scheme clearly established that McKee actively assisted in recruiting potential investors to defraud, and that he actively participated in misrepresenting information to potential investors. Moreover, McKee shared in the money fraudulently received from the potential investors.
 
 
 6
 The district court properly sentenced McKee. First, McKee's presentence investigation report establishes that the district court did not enhance his sentence for being a leader or organizer. Second, the district court properly denied McKee a two level reduction for being a minor participant. See United States v. Smith, 39 F.3d 119, 122 (6th Cir.1994). As stated above, the testimony of McKee's alleged co-conspirator and three victims of the scheme clearly established that McKee actively assisted in recruiting potential investors to defraud, and that he actively participated in misrepresenting information to potential investors.
 
 
 7
 Accordingly, we affirm the judgment of conviction and sentence.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation